IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JEFFREY KUSHIK
GARY HAIRSTON
DARIAN WOFFORD
STEPHANIE ZILKA
MISTY WALKER
RICHARD WHITE
RANDY CAMACHO
DAMIAN CHEREPKO
BRANDON HULBOY
JAMES CRIVELLA
SEAIRA COLLINS
JESSICA TARANTO

Criminal No. 20-374

**[UNDER SEAL]**

FILED

DEC 01 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

# INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/ SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| One | Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | 21 U.S.C. § 846 | JEFFREY KUSHIK<br>GARY HAIRSTON<br>DARIAN WOFFORD<br>STEPHANIE ZILKA<br>MISTY WALKER<br>RANDY CAMACHO<br>SEAIRA COLLINS<br>JESSICA TARANTO |

| | | | |
|---|---|---|---|
| | From in and around August 2020 to in and around November 2020 | | |
| Two | Conspiracy to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance<br><br>From in and around August 2020 to in and around November 2020 | 21 U.S.C. § 846 | JEFFREY KUSHIK<br>GARY HAIRSTON<br>DARIAN WOFFORD<br>STEPHANIE ZILKA<br>MISTY WALKER<br>RICHARD WHITE<br>DAMIAN CHEREPKO<br>BRANDON HULBOY<br>JAMES CRIVELLA |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count One:

In order for the crime of Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following elements beyond a reasonable doubt.

1. That two or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and/or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C.

§ 812(c), Schedule II.

5. That the amount of cocaine attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was 500 grams or more.

**B. As to Count Two:**

In order for the crime of Conspiracy to Distribute and Possess with Intent to Distribute one kilogram or more of a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following elements beyond a reasonable doubt.

1. That two or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and/or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I.

5. That the amount of heroin attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was one kilogram or more.

## III. PENALTIES

**A. As to Count One: Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Cocaine (21 U.S.C. § 846):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.
2. A fine not to exceed $5,000,000.
3. A term of supervised release of at least four (4) years.

**If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.
2. A fine not to exceed $8,000,000.
3. A term of supervised release of at least eight (8) years.

**B. As to Count Two: Conspiracy to Distribute and Possess with Intent to Distribute one kilogram or more of Heroin (21 U.S.C. § 846):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.
2. A fine not to exceed $10,000,000.
3. A term of supervised release of at least five (5) years.

**If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:**

1. A term of imprisonment of not less than fifteen (15) years to a maximum of life.
2. A fine not to exceed $20,000,000.
3. A term of supervised release of at least ten (10) years.

**If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:**

1. A term of imprisonment of at least twenty-five (25) years to a maximum of life.

2. A fine not to exceed $20,000,000.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count of conviction, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774