IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RANDY CAMACHO | Criminal No. 20-374 |

**UNITED STATES' RESPONSE TO**
**DEFENDANT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Response to Defendant's Sentencing Memorandum, and states as follows:

Defendant Randy Camacho pled guilty to a lesser included offense at Count One of the Superseding Indictment by way of a plea agreement with the United States. The United States Probation Office calculated Defendant Camacho's advisory guideline range as 51 to 63 months. *See* Doc. No. 803 (PSIR) at ¶ 70. Neither party disputes that a "mechanical application" of the sentencing guidelines results in this guideline range. *See* Doc. Nos. 807, 834. However, Defendant Camacho seeks a variance of approximately 24 months[1] because he believes he was unjustly, although correctly, given 6 criminal history points, instead of 3, related to a prior escape conviction (Doc. No. 834, p. 3-4) and "[b]ecause of the delays in his case were not of his doing" so the "Court should grant a variance for a portion of the time he would have been eligible to receive Earned Time Credit [(ETC)]" (*Id.* at p. 5). The United States objects, for the reasons set forth herein, to these requests and recommends a sentence at the low-end of the applicable Guideline Range.

---

1. Defendant has been detained since December 8, 2020, and has, therefore, been in custody nearly 27 months.

By way of background, the Greater Pittsburgh Safe Streets Task Force, led by the Federal Bureau of Investigation, conducted a long-term investigation into drug-trafficking activity occurring in the Western District of Pennsylvania. Beginning in August of 2020 and continuing through November 2020, the FBI conducted a federal Title III investigation. Two (2) of the intercepted telephones were used by Defendant Camacho's co-defendant Jeffrey Kushik to further his illegal drug trafficking activity. Defendant Camacho was intercepted communicating with Kushik regarding drug trafficking activity. He was identified as an associate of Kushik's and a cocaine source of supply, based upon intercepted communications as well as physical surveillance wherein Defendant Camacho was observed meeting with Kushik at Kushik's residence to facilitate a drug transaction. By way of the plea agreement, the parties have stipulated that Defendant Camacho is responsible for between 300 and 400 grams of cocaine.

On December 8, 2020, during the takedown of the case, law enforcement executed a search warrant Defendant Camacho's residence. Investigators seized a bag containing a quantity of a loose white substance, which was located above an air duct in the basement of Defendant Camacho's residence. The substance field-tested positive for cocaine, but the labs are still pending. Investigators also seized $2,100, which Defendant Camacho agreed to forfeit.

The PSIR adequately and accurately addresses the pertinent sentencing factors for this Court's consideration, including Defendant Camacho's history and characteristics. *See* Doc. No. 803 (PSIR) ¶¶ 13-20 (offense conduct), 35-50 (criminal history), 51-64 (offender characteristics). Notably, Defendant Camacho, 37, has a lengthy criminal history, spanning his entire adult-life. While the United States recognizes that some aspects of Defendant Camacho's history and characteristics, including an unstable upbringing and traumatic experiences, as well as his battle

with addiction, can be considered by the Court in granting a variance, the substantial variance that he is requesting is simply not warranted.

Defendant Camacho's first adult arrest occurred shortly after his 18th birthday for possession with intent to deliver cocaine. *See* PSIR ¶ 37. He was sentenced to a term of imprisonment but was afforded the opportunity to serve his "official detention"[2] at the Renewal Center, followed by 3 years' probation. *Id.* Specifically, the docket[3] reports the sentence as follows:

| | | | |
|---|---|---|---|
| **Migrated Disposition** | | | |
| Migrated Dispositional Event | 07/27/2005 | Final Disposition | |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Guilty Plea | F | 35 § 780-113 §§ A30 |
| Manning, Jeffrey A. | 07/27/2005 | | |
| Confinement | Min of 9.00 Months<br>Max of 18.00 Months<br>Other | 07/17/2008 | |

Despite avoiding having to serve his sentence at Allegheny County Jail, Defendant Camacho did not follow the rules when he failed to return to the Renewal Center following an authorized leave period. *Id.* at ¶ 38. Consequently, he was charged, convicted, and sentenced for "escape," a violation of Pennsylvania law. *Id.; see also* 18 Pa. C.S.A. § 5121 (Escape).[4] Again, the docket[5] reports the sentence as follows:

2. In some instances, the term of imprisonment is suspended, stayed or there are sentences imposed in the alternative which would impact the way in which the Sentencing Guidelines treat a prior sentence. *See* §4A1.2(a)(3), §4A1.2 cmt. n. 4. That is not, however, the case for Defendant Camacho.

3. CP-02-CR-0016505-2004, available at CpDocketSheet (pacourts.us).

4. Specifically, the statute provides: "A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 PA. CS. 5121(a). Further, the term "official detention" is defined as "arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail."

5. CP-02-CR-0007378-2006 available at CpDocketSheet (pacourts.us).

| | | |
|---|---|---|
| **Guilty Plea** | | |
| Non-Jury Trial | 12/07/2006 | Final Disposition |
| 1 / Escape | Guilty Plea | F3 18 § 5121 §§ A |
| Machen, Donald E. | 12/07/2006 | 422 Days |
| Confinement | Min of 11.00 Months 15.00 Days<br>Max of 23.00 Months<br>11 1/2 months to 23 months | |

Sentence Conditions

Paroled Forthwith

While Defendant Camacho did not escape from the Allegheny County Jail, his conduct resulted in a subsequent felony conviction for which he was sentenced to a term of imprisonment exceeding one year and one month for purposes of the Sentencing Guidelines and receives three (3) criminal history points. *See* §4A1.1(a), 4A1.2(b)(1). The Court should not ignore these 3 criminal history points by utilizing a Criminal History Category of V as requested by the defendant. Perhaps, had Defendant Camacho learned from this experience with the law, his argument would carry more weight. That, however, is not the case.

Continuing thereafter, Defendant Camacho obtained six (6) additional, separate convictions for a myriad of violations of Pennsylvania law, including: possession of cocaine, possession of marijuana, escape, resisting arrest, simple assault, false identification of law enforcement officer, public drunkenness, possession of a firearm by a prohibited person, driving under the influence, driving on a suspended license, criminal mischief, resisting arrest and possession of heroin. *See* PSIR at ¶¶ 39-44. Notably, his conduct includes several physical altercations/violence. *See Id.* at. ¶¶ 40 (fled from officers, struck officer in the face), 44 (domestic assault allegations, struck officer with door while trying to flee).

For the foregoing reasons, Defendant Camacho was not unjustly awarded 3 criminal history points for his 2006 escape conviction. While a variance is not warranted on this basis, the United States does, however, note that the guideline ranges utilizing a Criminal History Category V and

VI overlap – that is the two guideline ranges share the range of 51-57 months. To that end, a sentence of 51 months, as recommended by the United States, falls within the guideline range advocated for by Defendant Camacho.

Defendant Camacho also requests that the Court grant him a "slight variance" on the basis that he will not receive First Step Act (FSA) of 2018 (P.L. 115- 391) good time credit/earned time credit for the time that he avers he would have been in federal custody had it not been for his prior attorney's alleged lack of communication. *See* Doc. No. 834, p. 4-5. Defendant Camacho's request is, in essence, a request that the Court (rather than the BOP) calculate and grant him good time credit for a reason that does not appear to be one considered by the BOP in the first place. A review of the First Step Act (FSA) of 2018 (P.L. 115- 391) and the Bureau of Prison's (BOP) Program Statement for the "First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)," make clear that this determination is left to the BOP. And, "[t]he FSA prohibits inmates from receiving credit . . . prior to the commencement of the inmate's sentence," which ensures that inmates are treated fairly. *See* Bureau of Prisons, Program Statement, "First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)," (Nov. 18, 2022), available at https://www.bop.gov/policy/progstat/5410_01.pdf.

Here, Defendant Camacho's guideline range accurately accounts for all of the sentencing factors that the Court is to consider in fashioning a sentence that is appropriate. A "variance" outside of the Guidelines range may be appropriate based upon the Court's weighing of one (1) or more of the sentencing factors in Section 3553(a). *See United States v. Fumo*, 655 F.3d 288, 317 (3d Cir. 2011), as amended (Sept. 15, 2011); *United States v. Grams*, 566 F. 3d 683, 686-87. Indeed, post-*Booker*, a court has "the discretion to craft an appropriate sentence falling anywhere within the range of punishments authorized by Congress." *United States v. Ausburn*, 502 F. 3d

313, 327 (3d Cir. 2007). Here, however, Defendant Camacho's requested variance of nearly 24 months is not supported by considerations that are "sufficiently compelling."

Thus, for the reasons set forth herein, the United States respectfully recommends that the Court sentence Defendant Camacho to a within guideline range sentence, which is sufficient, but not greater than necessary, to comply with the purposes" of sentencing and the Section 3553(a) factors. 18 U.S.C. § 3553(a).

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*<u>/s/ Rebecca L. Silinski</u>*
REBECCA L. SILINSKI
Assistant United States Attorney
United States Attorney's Office
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7403
rebecca.silinski@usdoj.gov
PA ID No. 320774